**Rhett Douglas BURKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–666–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1985.

Hon. Will Gray, Houston, for appellant.

John B. Holmes, Dist. Atty., Eleanor Montague McCarthy, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an order revoking probation. Appellant's sole ground of error is that there was insufficient evidence to support the trial court's finding that appellant resisted arrest, and the trial court therefore abused its discretion in revoking appellant's probation. We find no abuse of discretion and affirm.

Appellant pled guilty February 28, 1980, to the offense of possession of methamphetamine. The court assessed punishment at ten years' imprisonment, probated, and a $2,500.00 fine. On January 12, 1984, the trial court revoked appellant's probation and sentenced him to ten years' confinement. After the trial court granted his Motion for Shock Probation, appellant was again placed on probation on March 23, 1984, on the condition that he "[c]ommit no offense against the laws of this or any other state or of the United States." On September 11, 1984, the state moved once more to revoke appellant's probation for committing the offense of resisting arrest. The trial court found appellant violated the conditions of probation; however, the court granted a motion by the state to reform

appellant's sentence to five years. It is from this order that appellant appeals.

The relevant facts are as follows: The complainant, Officer S.F. Hundersmarck, and his partner were dispatched on the night of September 11, 1984, to meet a narcotics unit that had information concerning a suspect thought to be transporting narcotics. As a result of this information, a vehicle containing appellant and a female companion was stopped. The complainant testified that he stepped out of his patrol car, drew his weapon and ordered the appellant out of his vehicle several times. When the appellant failed to exit the vehicle voluntarily, complainant reached in and grabbed appellant's arm in an attempt to pull him out. Appellant then struck complainant's arm and pushed it back.

Appellant testified that his artificial left leg made a hasty exit impossible and that he was trying to exit when the officer grabbed him. He denied striking the officer. The complainant and another officer at the scene testified that a struggle ensued between the complainant and the appellant after he came out of his vehicle and that assistance from several other officers was required to subdue him. Further, appellant continued to struggle and resist the officers' attempts to handcuff him.

 TEX.PENAL CODE ANN. § 38.-03(a) (Vernon 1974), provides that a person commits the offense of resisting arrest if "he intentionally prevents or obstructs a person he knows is a peace officer ... from effecting an arrest or search of the actor ... by using force against the peace officer...." Appellant argues that the evidence of force before the trial court was insufficient to support its finding. It is settled that in probation revocation proceedings the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given to the testimony. *Houlihan v. State*, 551 S.W.2d 719, 723 (Tex.Crim.App.), *cert. denied*, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977); *Ross v. State*, 523 S.W.2d 402, 403 (Tex. Crim.App.1975); *Morris v. State*, 658

S.W.2d 770, 772 (Tex.App.—Beaumont 1983, no pet.). As the trier of the facts, it is the trial judge's duty to resolve conflicts in testimony. *Houlihan*, 551 S.W.2d at 723. Obviously, the trial judge chose to believe complainant's testimony over appellant's.

Appellant contends, however, that this evidence was insufficient to support the trial court's finding of force against a peace officer. In support of his argument appellant cites *Raymond v. State*, 640 S.W.2d 678 (Tex.App.—El Paso 1982, pet. ref'd). In *Raymond* the uncontroverted testimony was that the appellant *pulled* his arm away from the officer's grasp while he was effecting the arrest. The court concluded that the act of pulling away did not constitute the use of force against the peace officer; however, the court went on to say that "[s]triking an arresting officer's arm away constitutes force directed against the officer." *Id.* at 679. *See also Humphreys v. State*, 565 S.W.2d 59, 61 (Tex.Crim.App.1978), for similar facts.

■ The testimony of the complainant provided sufficient evidence from which the trial judge could conclude that the appellant resisted arrest. No abuse of discretion is shown. Appellant's ground of error is overruled. The order of the trial court revoking appellant's probation is affirmed.