**Ronnie Williams CATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00864–CR.**

Court of Appeals of Texas, Dallas.

May 27, 1988.

Warren N. Abrams, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

KINKEADE, Justice.

Ronnie Williams Cates appeals his jury conviction of resisting arrest and his court assessed punishment of ninety days probated for one year plus a $200 fine.

In six points of error Cates claims: 1) the State commented on appellant's right to remain silent; 2) the State violated its own motion in limine; 3) the court allowed an inadmissible hearsay statement by a State's witness; 4) the State asked the arresting police officer an improper bolstering question; 5) the State made an improper jury argument; and 6) the court improperly overruled appellant's motion for instructed verdict. We disagree and affirm the judgment.

While driving, on April 11, 1987, appellant was stopped and was placed under arrest by a Balch Springs police officer. Appellant resisted and stated "Officer, I believe you're out of your jurisdiction". During the arrest, the officer and appellant began fighting and the appellant's elbow struck the officer in the mouth. Appellant was convicted of resisting arrest, to-wit: striking a peace officer in the mouth with his elbow.

▪ In appellant's first point of error, he claims the State commented on appellant's right to remain silent. Specifically, during voir dire, the district attorney made the following statements:

And as I said, we can't get into the Defendant's mind, but we can look at certain things to determine what a person's intent is. We can look at his actions. A person is generally in control to the effects of his acts. You need to look at the person's acts at the time of the event. You can't look at what he comes in here today and says. *That's just what I intended back then.*

This is a trial, ladies and gentlemen, it's a contested case. You're probably going to hear different versions, different facts, and it's your job, as jurors, to resolve and any conflict in testimony that you may hear.

(Emphasis added.) The defense counsel's objection that the statement is a comment on his client's right to remain silent was sustained and the court instructed the jury to disregard. Therefore, if any error existed it was cured and rendered harmless by the court's instruction. *McCarron v. State,* 605 S.W.2d 589, 595 (Tex.Crim.App. 1980); *Normand v. State,* 686 S.W.2d 275, 277 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). We overrule appellant's first point of error.

In appellant's second point of error, he claims the State violated its own motion in limine, when the prosecutor asked appellant's wife about appellant's reasons for leaving the employment of the Balch Springs Police Department. We disagree. The trial court never ruled on the State's motion that the defendant not be allowed to go into why he left the Balch Springs Police Department, but only that he did work there at one time. The parties merely agreed not to go into the matters which were the subject of the motion. If a motion is not ruled upon by the trial court, no error is preserved. *See Archer v. State,* 714 S.W.2d 116, 119 (Tex.App.—San Antonio 1986, no pet.). No ruling was ever made; therefore, nothing was preserved for review. We overrule appellant's second point of error.

In appellant's third point of error, he claims the court allowed an inadmissible hearsay statement by the State's witness. The arresting officer stated that during the arrest a bystander came to the officer and asked him, "Do you need help?" Appellant's objection that the statement is hearsay was overruled. Generally, hearsay is evidence of a statement made out of court that is offered for the purpose of proving the truth of such previous statement. *Girard v. State,* 631 S.W.2d 162, 164 (Tex Crim.App.1982); *Richardson v. State,* 690 S.W.2d 22, 24–25 (Tex.App.—Beaumont 1985, pet. ref'd). The bystander's statement is not hearsay because it is not offered for the purpose of proving the truth of the statement that the officer needed help; rather it was offered to show that such a statement was in fact made. We overrule appellant's third point of error.

In appellant's fourth point of error, he claims the State asked the police officer on direct examination an improper bolstering question. Appellant objected to the prosecutor's question, "[H]ave you ever been before a police board of inquiry for improper conduct?" The objection was sustained and the jury was instructed to disregard. Bolstering occurs when one item is improperly used by a party to add credence to some earlier unimpeached piece of evidence offered by the same party. *Bird v. State,* 692 S.W.2d 65, 71–72 (Tex. Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986), *citing, Pless v. State,* 576 S.W.2d 83 (Tex. Crim.App.1979). The officer was not allowed to answer the question and the court cured any error in the question by sustaining the objection and properly instructing the jury to disregard. *Thomas v. State,* 578 S.W.2d 691 (Tex.Crim.App.1979). We overrule appellant's fourth point of error.

In his fifth point of error, the appellant claims that the State made an improper jury argument. During closing argument the prosecutor referred to the appellant as "a jerk". The objection was sustained and the jury instructed to disregard. Similar references to defendants have been upheld by the Court of Criminal Appeals where the comment is supported by the evidence. For example, in *Duncantell v. State,* 563 S.W.2d 252 (Tex.Crim.App.1978), *cert. denied,* 439 U.S. 1032, 99 S.Ct. 637, 58 L.Ed.2d 695, the defendant was referred to as a "trouble maker" and "freeloader." The *Duncantell* Court held that the reference was supported by the evidence. We hold that the appellant's deplorable behavior in his failure to cooperate with the officer because he believed the officer had no jurisdiction, driving on the shoulder of the road, revving his engine as he passed the officer, striking the officer and responding with vulgarity when asked for his driver's license, supports the prosecutor's statement. We overrule appellant's fifth point of error.

In appellant's sixth point of error he claims the court erred in overruling his motion for instructed verdict. Appellant claims that the arrest was complete at the time the officer approached the appellant and, therefore, the appellant's later actions could not be categorized as resisting arrest, but should be categorized as either attempted escape or aggravated assault. Alternatively, appellant claims his action in pulling away did not constitute resisting arrest.

The arresting officer testified that the appellant resisted arrest by smash-

ing his elbow into the officer's mouth. TEX.PENAL CODE § 38.03(a) "Resisting Arrest" provides as follows:

A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

Article 15.22 defining "Arrest" provides: Texas Code of Criminal Procedure:

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant.

The mere fact that the officer makes the statement to an accused that he is under arrest is not enough to complete the arrest; custody and control must be assumed over the party. *Burkhalter v. State,* 642 S.W. 2d 231, 233 (Tex.App.—Houston [14th Dist.] 1982, no pet). Because the appellant was not under the custody and control of the officer when the struggle began, charging the appellant with resisting arrest was the proper charge.

Appellant cites *Young v. State,* 622 S.W. 2d 99 (Tex.Crim.App.1981) as controlling here; however, in that resisting arrest case Young offered resistance during the changing of handcuffs. This took place after the arrest and initial handcuffing of the defendant. In the present case, the struggle took place prior to the completion of the arrest; therefore, *Young* is distinguishable. We overrule appellant's final point of error and affirm the judgment.