NUMBER
13-01-815-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

CHAD FURCH,                                                                     Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

                            On appeal from
the County Court   

                                 of Wharton
County, Texas.

 

O
P I N I O N

 

Before Chief Justice Valdez and Justices Dorsey and
Rodriguez Opinion by Chief Justice Valdez

OPINION

 








Appellant, Chad Furch, was
found guilty by a jury of misdemeanor resisting arrest.  The trial court sentenced appellant to six
months in jail.  Through two issues
appellant challenges the legal and factual sufficiency of the evidence.  We affirm.

Facts

On May 6, 2000, Deputy Scott
Grosser answered a domestic disturbance call at the Furch residence.  Dana Furch made the call as a result of an
altercation she had with her husband/appellant, Chad Furch.  Upon arriving at the scene Deputy Grosser
observed that both Mr. and Mrs. Furch had scratches on their necks and
faces.  He testified that both spouses
had been drinking alcohol and both were arrested as a result of the family
violence.  Deputy Grosser arrested Mrs.
Furch, without incident.  When he
approached Mr. Furch, advising him about the arrest, Mr. Furch walked away.  Deputy Grosser grabbed his arm to restrain
him.  Mr. Furch, turned, pushed the
deputy away, then ran from him.  Deputy
Grosser caught up after the appellant and handcuffed him.  Based upon these events a jury convicted
appellant of resisting arrest and the trial court sentenced him to six months
in jail.

Analysis

Raising two issues on appeal,
appellant challenges the legal and factual sufficiency of the evidence.








In reviewing a legal
sufficiency challenge, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found each
element of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  In conducting a factual sufficiency review,
we determine whether a neutral review of all the evidence establishes the proof
of guilt is so obviously weak as to undermine confidence in the fact finder=s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).   

A person commits the offense of
resisting arrest if he intentionally prevents or obstructs a person he knows is
a peace officer from effecting an arrest by using force against the peace
officer.  Tex. Pen. Code Ann. ' 38.03(a) (Vernon Supp. 2002). 









In challenging the sufficiency
of the evidence, appellant refers this Court to our decision in Leos v.
State, 880 S.W.2d 180, 184 (Tex. App.BCorpus Christi 1994, no pet.). 
In Leos, this Court reversed and rendered the decision of the
trial court convicting appellant for resisting arrest.  Id. at 181.  This Court held that there was insufficient
evidence as to the force directed at the officer to support a conviction.  Id. at 184.  In that case, Officer Landrum arrived at the
defendant=s residence in response to a disturbance call and an allegation of
criminal mischief.  Id. at
181.  The officer on the scene approached
Mr. Leos merely to discuss these allegations. 
Officer Landrum knew from prior experience that the defendant carried a
weapon.  Leos, 880 S.W.2d at
181.  As a result, when he approached he
said, AYou are not under arrest . . . but for my safety I need to [pat]
you down to make sure you have no weapons at all.@  Id.  The defendant began to allow the frisk but
then turned around and pushed the officer away, saying, AI am not going to jail.@  Id.  After the push, Officer Landrum advised Mr.
Leos that he was under arrest, at which point Mr. Leos fled from the officer. Id.  The officer caught up to Mr. Leos. He
forced him to the ground, but he continued to struggle in the impending
arrest.  Id.  Holding his hands to his stomach so that he
could not be shackled, Mr. Leos tried to crawl away with his shoulders and
knees to the ground.  Id.   

In Leos, we recognized
that the forceful shove directed at Officer Landrum Aclearly@ fell Awithin the category of uses of force sufficiently directed toward
the officer to support conviction for resisting arrest.@ Leos, at 184.  We
concluded, however, that such testimony was Awholly irrelevant to the charge of resisting arrest@ because it happened prior to the officer the Officer telling Mr.
Leos he was under arrest.  Id. at
182.  As such, we reviewed the evidence
detailing Leos=s conduct
after he was notified of the impending arrest.  Id. at 182-84.  We ultimately held that under these
circumstances, trying to flee did not amount to sufficient force against an
officer.  Id. at 184.

The present case is
distinguishable from Leos.  At
trial the following pertinent testimony was introduced during the questioning
of Deputy Scott Grosser:

Q:      And can you tell the
jury what happened then?

A:               
When I told
him that he was going to be under arrest, he started walking away from me
saying that he wasn=t going to jail. At that point, I reached for him.
I grabbed a hold of his arm around the shirt area.  And he started attempting to twist away from
me, get away.  He twisted, turned, pushed
away from me and took off running across F.M. 441 back towards this house,   And I chased him over there.  

 

Q:               
How did he
push away from you in particular?

A:               
Open handed
push-away.

Q:               
Into you?

A:               
Yeah.  Like you would to do just to get somebody off
of you.








Here, unlike in Leos,
the push was committed after the notification of impending arrest not
before.  As such, we hold that the
evidence presented at trial was sufficient to show appellant resisted arrest by
using force against the arresting officer.  


In light of this
evidence and viewing  the evidence in the
light most favorable to the verdict we determine that a  rational trier of fact could have found each
element of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Jones,
944 S.W.24 at 647. 

We further hold
that the evidence establishing proof of guilt is not so obviously weak as to
undermine confidence in the fact finder=s determinations. 
Johnson, 23 S.W.3d at 11. 
Accordingly, we overrule appellant=s two issues challenging the legal and factual
sufficiency of the evidence presented.

We affirm the judgment of the
trial court.                                        

                              

 

                           

            Rogelio Valdez                                                                                                                                                                         Chief Justice    


 

Do Not Publish.


Tex. R. App. P. 47.3

 

Opinion
delivered and filed

This 12th  Day of December, 2002.