IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00218-CR

 

Daniel John Sheehan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 3

Jefferson County, Texas

Trial Court No. 238747

 



O p i n i o n



 








Appellant Daniel John Sheehan appeals
his misdemeanor conviction of resisting arrest and thirty-day sentence.  We
will reverse the trial court’s judgment and render a judgment of acquittal.

            On the occasion in
question, Sheehan was a parolee resident at a halfway house.  Two Beaumont police officers—one male and one female—arrived to arrest him for a parole
violation.  Only the female officer testified.  When asked what had happened on
the occasion in question, she said:

            When we got there, the
staff wasn’t familiar with him because he had just arrived and they told us
that he was living in Dorm D.  So, we went to Dorm D and called out to Sheehan
and he acknowledged.  So, when I went up to him, he was boxing up papers in
manila envelopes.  That was all the property that he had and we told him that
we were here to serve a warrant and he said that he had to pack all his stuff
and we told him that the staff packs his stuff, he needed to go with us.

            He refused and when Crosby
[the other officer] went to reach for his left arm, he stood up and pulled his
hands into his chest and leaned toward the bunk bed which is kind of
restricted.  It’s a restricted area.  So, I grabbed his right arm.  Crosby had his left hand.  We moved him to the ground so he couldn’t try to run away, got
his arms behind his back, handcuffed him and walked him outside, escorted him
outside of the door.

 

            As they were going outside
and in front of about 100 other residents, Sheehan sat down in protest because
his finger had been cut and was bleeding and the officers told him that he
would not get medical attention until he got to the jail.  The officers picked
up Sheehan and carried him outside, where he stood up and got into the patrol
car.  The officer testified that, in her opinion, Sheehan had resisted arrest
by pulling his arms in to his chest and interlocking them.  She also described
his conduct as pulling his hands in, holding them tight, refusing to move them,
standing up, and moving toward the bunk area.

            Sheehan testified that he
had many pages of legal documents that he wanted to take with him to jail. 
When the officers said that he could not take them, Sheehan tried to take the
documents he was holding and pulled them into his chest.  He denied resisting
arrest with force.

Sheehan asserts in his first issue that
the evidence is legally insufficient to support the conviction because the
State failed to prove that he used force against the officer.[1] 
He argues that the evidence shows that he was only passively resistant and did
not direct any force or violence toward the arresting officers.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  The standard is the same for both direct and circumstantial evidence
cases.  Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).  We
do not resolve any conflict of fact or assign credibility to the witnesses;
this was the function of the trier of fact.  See Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W. 2d
418, 421 (Tex. Crim. App. 1992).  Instead, our duty is to determine if the
findings of the trier of fact are rational by viewing all of the evidence
admitted at trial in the light most favorable to the verdict.  Adelman, 828
S.W.2d at 422.  In so doing, any inconsistencies in the evidence are resolved
in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

            A
person commits the offense of resisting arrest if he intentionally prevents or
obstructs a person he knows is a peace officer from effecting an arrest by
using force against the peace officer. 
Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003).  We recently wrote:

            The Penal Code does not
provide a definition of “using force against” or of those terms individually. 
Courts have concluded that non-cooperation with an arrest is not an act of “use
of force against” a peace officer under the resisting arrest statute, for
example:

 

· shaking off an arresting officer’s
detaining grip.  Anderson v. State, 707 S.W.2d 267, 269 (Tex.
App.—Houston [1st Dist.] 1986, no pet.).

 

· pulling away from an arresting
officer after being arrested.  Young v. State, 622 S.W.2d 99, 100-01
(Tex. Crim. App. [Panel Op.] 1981).

 

· crawling away from an arresting
officer.  Leos v. State, 880 S.W.2d 180, 181 (Tex. App.—Corpus Christi
1994, no pet).

 

            Thus, refusing to
cooperate with being arrested does not constitute resisting arrest by force. 
However, we have held that evidence of non-cooperation combined with violent
swings of the body and a forward movement causing the officer and the defendant
to fall off a porch was sufficient to establish resisting arrest.  Bryant v.
State, 923 S.W.2d 199, 206 (Tex. App.—Waco 1996, pet ref’d).

 

Campbell v. State, 128 S.W.3d 662, 671 (Tex. App.—Waco
2003, no pet.) (emphasis added).  And courts have made the distinction between
actions that endanger an officer (i.e. striking an arresting officer’s
arm) and those actions in which there is no danger of injury to the officer (i.e.
pulling arm away from officer).  See Raymond v. State, 640 S.W.2d 678,
679 (Tex. App.—El Paso 1982, pet. ref’d).  

In this case, there was no evidence of danger
of injury to the officers from Sheehan’s passive non-cooperation, and thus
there was no evidence that Sheehan used force against the officers.  In its
brief, the State concedes that the evidence is insufficient to show a use of
force.  

Viewing all of the evidence in the
light most favorable to the verdict and giving full play to the responsibility
of the factfinder fairly to resolve conflicts in the testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts,
we hold that no rational factfinder could have found that Sheehan used force
against a peace officer and committed the offense of resisting arrest beyond a
reasonable doubt.  See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89;
Santellan v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997).  We
sustain Sheehan’s first issue.  

Because by sustaining Sheehan’s first issue
we must render a judgment of acquittal, we do not address his second issue,
which asserts error because the trial court did not properly admonish Sheehan
before allowing him to proceed pro se.  See Tex. R. App. P. 47.1.  But we note that
the State concedes error because no admonishments appear in the record.[2]

 

 

We reverse the trial court’s judgment
and render a judgment of acquittal on the charged offense of resisting arrest. 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurring)

Reversed
and rendered

Opinion
delivered and filed June 21, 2006

Publish

[CR25]









[1]               Sheehan was additionally
charged in a companion case with the offense of inciting a riot ) arising out
of the same occasion), and the cases were tried together, with Sheehan
representing himself pro se.  After the State’s case-in-chief, the trial
court entered an instructed verdict of not guilty, stating to the prosecutor
that the trial court “wouldn’t feel particularly bad if I had instructed y’all
out on both.”





[2]               In this appeal, Sheehan
has attempted to file several pro se motions, objections, and
supplemental briefs despite his representation by appointed counsel.  A party
represented by counsel is not entitled to hybrid representation.  Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).  Some of Sheehan’s documents assert
ineffectiveness against his appointed appellate counsel and indicate a desire
to proceed pro se at this point.  Because of our disposition, we will
disregard these documents.