

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00160-CR

**FREDERICK VALENTINO AMERINE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F49849**

## MEMORANDUM OPINION

In this case, appellant, Frederick Valentino Amerine, was charged by indictment

with one count of evading arrest with a vehicle and one count of unlawful possession of

a firearm. *See* TEX. PENAL CODE ANN. § 38.04 (West 2016); *see also id.* § 46.04(a) (West 2011).

On appeal, Amerine argues that the evidence is insufficient to support his convictions.[1]

---

[1] In his original brief, Amerine only challenged his conviction for evading arrest with a vehicle. In
response to Amerine's opening brief, we informed Amerine's counsel that she must address Amerine's
unlawful-possession-of-a-firearm conviction by filing a brief asserting error or an *Anders*-type motion to
withdraw and a supporting brief. *See Kirven v. State*, No. 10-14-00122-CR (Tex. App.—Waco Oct. 22, 2015,

Because we conclude that the evidence is sufficient to support Amerine's convictions, we affirm.

## I.     EVADING ARREST WITH A VEHICLE

In his first issue, Amerine contends that the evidence adduced at trial was not sufficient to establish that he intentionally fled from law enforcement. We disagree.

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard enables the fact finder to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are reasonable based upon the combined and

order); *see also Kirven v. State*, No. 10-14-00122-CR, 2015 Tex. App. LEXIS 12777 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication); *Kirven v. State*, No. 10-15-00359-CR, 2015 Tex. App. LEXIS 12775 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication). In response to our letter, Amerine's counsel filed a supplemental brief addressing Amerine's conviction for unlawful possession of a firearm.

cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

A person commits the offense of evading arrest or detention with a vehicle if, using a vehicle, he "intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04. Texas courts have held that failing to submit to an officer's show of authority is sufficient to satisfy the elements of evading arrest. *See Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) ("From the officers' testimony that their lights and siren were activated for 0.6 miles or approximately one and one-half minutes, the jury could reasonably infer that Lopez was aware the officers were attempting to detain him but intended to flee to the driveway of his house. . . . Moreover, although the officers agreed that Lopez was not accelerating away from them or driving recklessly after he exited the highway, 'fleeing' is 'anything less than prompt compliance with an officer's direction to stop,' and 'fleeing slowly is still fleeing.'"); *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.) ("Thus, such a delayed compliance legitimately can be found to be an attempt to evade arrest or detention. . . . We conclude that, though the evidence indicates Horne had no intent to ultimately escape the officer, it does show that Horne was attempting to evade arrest, even if only for the few minutes it took for him to park his car in front of his mother's house."); *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.) ("There is evidence that Mayfield was driving, that the

officer had cause to stop him for a traffic violation, that the officer was in a marked squad car with emergency lights flashing and siren sounding, and that Mayfield did not stop for an extended period of time. The statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law. Thus, under the law, fleeing slowly is still fleeing."); *see also Ford v. State*, Nos. 02-14-00176-CR & 02-14-00177-CR, 2015 Tex. App. LEXIS 5414, at *6 (Tex. App.—Fort Worth May 28, 2015, pet. ref'd) (mem. op., not designated for publication). Moreover, speed is not a consideration in determining whether a person is guilty of evading arrest. *See Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.—Corpus Christi 1994, no pet.); *see also Ford*, 2015 Tex. App. LEXIS 5414, at **6-7. Indeed, even crawling away from a police officer has been seen to constitute evading arrest. *See Leos*, 880 S.W.2d at 184.

On January 26, 2015, Grandview Police Officer Alberto Sanchez observed a silver Chevy Impala driving westbound at the 1000 block of East Criner Street with an expired registration sticker. Because driving with an expired registration sticker constitutes a traffic violation, Officer Sanchez activated his overhead lights, turned around, got behind the silver Impala, and attempted to initiate a traffic stop. Officer Sanchez described the incident as follows:

> Initially, I saw the vehicle traveling westbound at the 1000 block of East Criner Street. I was actually headed eastbound. That's when I noticed the expired registration. I had to turn around, actually catch up to the vehicle, which I did so at approximately the 400 block of East Criner. That's when I activated my overhead emergency lights. The vehicle actually took a left traveling south on South 4th Street, the 100 block. The vehicle actually went

in the middle of the street and almost came to a complete stop and he motioned with his left hand, stuck his arm out, and pointed to the right. To me, I was thinking he was about to actually pull over to the side of the street. Instead, he actually continued south on South 4th Street. He came up to a stop sign of South 4th Street and East McFarland, actually kept going straight after he came to a stop. He proceeded south, came up to a stop sign at the intersection of South 4th Street and Scurlock, put on his blinker, turned right. At that point I actually got on the—activated my sirens several times. He came up to the intersection of South 3rd and East Scurlock. As he proceed[ed] to go over South 3rd I got on my outside mic and instructed him to stop the vehicle now. At that point he kept on pointing forward. He kept on going a little bit further down and actually turned into a driveway which was 102 East Scurlock Street.

Officer Sanchez testified that he was driving a marked police car at the time of the incident and that he was in full uniform. Officer Sanchez also recounted that Amerine told him that he did not stop because "he was afraid that his vehicle would get towed due to the expired registration sticker."

Applying the appropriate standard of review, we hold that the jury, as trier of fact, rationally could have found the elements of the crime of evading arrest or detention with the use of a vehicle beyond a reasonable doubt if they believed that, after Officer Sanchez activated his overhead lights and sirens, Amerine continued driving instead of pulling over at the earliest possible moment. *See* TEX. PENAL CODE ANN. § 38.04; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 16-17. Moreover, as noted above, the fact that Amerine was driving slow and was not trying to get away from Officer Sanchez is of no consequence. *See Lopez*, 415 S.W.3d at 497; *Horne*, 228 S.W.3d at 446; *Mayfield*, 219 S.W.3d at 541; *see also Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim.

App. 2004) ("Intent may also be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant."). Furthermore, we are not persuaded by Officer Sanchez's testimony that he did not believe that Amerine was fleeing because of the other evidence in the record, and because such testimony merely creates a conflict in the evidence, which is within the province of the jury to resolve. *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Chambers*, 805 S.W.2d at 461; *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge."). Accordingly, we overrule Amerine's first issue.

## II. UNLAWFUL POSSESSION OF A FIREARM

In his sole issue in his supplemental brief, which we characterize as his second appellate issue, Amerine contends that his conviction for unlawful possession of a firearm is not supported by sufficient evidence because the evidence is insufficient to support his conviction for evading arrest with a vehicle. More specifically, Amerine argues that his vehicle could not have been searched or impounded if he is not guilty of evading arrest with a vehicle. And if his vehicle had not been impounded and searched, law enforcement would have never located a handgun in Amerine's glove compartment. Because Amerine's complaint in this issue is premised on his complaint regarding his

conviction for evading arrest with a vehicle, and because we have rejected Amerine's complaint regarding his conviction for evading arrest with a vehicle, we overrule Amerine's second issue.

## III.  CONCLUSION

Having overruled both of Amerine's issues on appeal, we affirm the judgments of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed March 15, 2017
Do not publish
[CRPM]

