In the Matter of Donnell HARTSFIELD, a Delinquent Child

No. 848.

Court of Civil Appeals of Texas, Tyler.

Nov. 13, 1975.

Martin Z. Sammons, Jr., Sammons, Clayton & Parker, Tyler, for appellant.

A. D. Clark, III, Asst. Dist. Atty., Smith County, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a juvenile delinquency case brought by the State in the Domestic Relations Court of Smith County, Texas, to modify a prior disposition of that court pursuant to Tex. Family Code Ann. Section 54.05.[1] After a hearing, the court on October 22nd, 1974, revoked the probation of Donnell Hartsfield which it had heretofore granted on January 24, 1973, and ordered him committed to the Texas Youth Council (hereinafter referred to as the T.Y.C.). From this order Hartsfield has appealed to

---

1. All references will be to the Texas Family Code Ann. unless otherwise specifically noted.

this court. We affirm the judgment of the trial court.

Appellant was adjudged a delinquent child on January 24, 1973, for stealing property under the value of $50.00; he was placed under probation, a condition of which was that he not violate the laws of this state; and he was released to the custody of his parents. Subsequent to a hearing on the State of Texas' amended petition, filed on January 15, 1974, to modify disposition so as to commit Hartsfield to T.Y.C., the court by an order dated January 22, 1974, found Hartsfield had committed an offense of the grade of felony, recessed the disposition indefinitely and released him to the custody of his brother-in-law, William Allen. The State of Texas on September 18, 1974, again filed a petition to revoke Hartsfield's probation and for order of commitment. This proceeding is based upon appellant's alleged violation of Tex. Penal Code Ann. Section 38.03 (Resisting Arrest) by striking the arms of a policeman. The trial court found that appellant had violated this provision and, on October 22, 1974, ordered his commitment to the T.Y.C.

Appellant's first point is that the Juvenile Court erred in committing him to the T.Y.C. under Section 54.05 without following the procedures set out in Section 54.-03(b).[2] A disposition may be modified so as to commit a child to the T.Y.C. under either Subsection (f) or Subsection (g) of Section 54.05. While Subsection (g) requires compliance with Section 54.03, Subsection (f) does not. Appellant's point turns on which Subsection applies to these facts.

Subsection (f) permits a disposition to be modified by commitment to the T.Y.C. if that disposition was based on a finding that the child engaged in "delinquent conduct."

Subsection (g) applies when the disposition to be modified was based on mere "conduct indicating a need for supervision."

█ Since this child was the subject of two prior orders, one on January 24, 1973, and another on January 22, 1974, a threshold question is which disposition was modified by the order of October 22, 1974, which is the order before this court for review. Both parties briefed this case on the assumption that the January 1974 order (the order recessing the disposition) was the relevant disposition. We disagree. The first order placed appellant under probation and set out the terms thereof. The effect of the January 22, 1974 "recess" of the disposition was that the court neither denied nor granted the State's petition for revocation of Hartsfield's probation. We look, therefore, to the 1973 order to determine whether the commitment of appellant must proceed under Subsection (f) or (g) of Section 54.05.

That disposition was made prior to the effective date of the Family Code and the finding upon which it was based used the term "delinquent child" rather than "delinquent conduct" or "conduct indicating a need for supervision." However, that disposition was modified under either Subsection (f) or (g) of Section 54.05. These Subsections apply in different circumstances distinquished by two types of conduct. Although current terminology was not used in the original order, we can determine whether the conduct upon which the 1973 order was based would constitute "delinquent conduct" or "conduct indicating a need for supervision" as defined under the Family Code.

█ The original misconduct was theft of property under the value of $50.00. This

---

**2.** "(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:
(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings;
(3) the child's privilege against self-incrimination;
(4) the child's right to trial and to confrontation of witnesses;
(5) the child's right to representation by an attorney if he is not already represented; and
(6) the child's right to trial by jury."

would constitute delinquent conduct if it violated a penal law of this State punishable by imprisonment or confinement in jail. Section 51.03(a)(1). Although we categorize conduct in current terms, the punishment for that conduct must be determined by the penal laws in effect at the time the offense was committed. In the Matter of C.E.H., 516 S.W.2d 25, 26 (Tex.Civ.App.—Texarkana 1974, no writ). Appellant's original conduct, shoplifting, was a jailable misdemeanor. Tex. Penal Code Ann. Article 1436e, Section 4 (repealed, Acts 1973, 63rd Leg., ch. 399, Section 3). We conclude that the January 24, 1973, order was based on the equivalent of delinquent conduct and that disposition was properly modified under Section 54.05(f). Appellant's first point is overruled.

Appellant's second point is that a juvenile cannot violate a law of this State by resisting arrest because Section 52.01(b) provides that the taking of a child into custody is not an arrest. No cases have been cited nor have we found any construing the effect of this section of the Family Code. However, there are cases decided under the Family Code which state that a juvenile was arrested. *See In the Matter of S.E.B.,* 514 S.W.2d 948, 950 (Tex.Civ.App.—El Paso 1974, no writ); *In the Matter of F.G.,* 511 S.W.2d 370, 371 (Tex.Civ.App.—Amarillo 1974, no writ).

■ A purpose of Title 3, which includes Section 52.01, is to remove from children committing unlawful acts the taint of criminality. Section 51.01(3). The objective of Section 52.01(b) is to avoid the stigmatizing effect of an arrest upon a child. Dawson, *Texas Family Code Symposium; Title 3,* 5 Tex.Tech L.Rev. 509, 540 (1974). However, the Legislature did not intend by the enactment of Section 52.01(b), to permit a child to forcefully resist arrest.

■ "A person is arrested when he has been actually placed under restraint or *taken into custody* . . . ." (Emphasis added.) Tex.Code Crim.Proc.Ann. Art. 15.22. We hold that the term, "arrest", as used in

Tex. Penal Code Ann. Section 38.03, includes the taking into custody of a juvenile. Appellant's second point is overruled.

■ The remaining points of error attack the legal and factual sufficiency of the evidence to support the finding that appellant used force to resist arrest. We look only to the favorable evidence in determining the legal sufficiency point and the entire record in passing upon the other points.

■ The arresting officer testified, without contradiction, that when appellant started swinging, the blows did not strike the officer's face or body but were blocked by his arms. The only reason that the appellant did not strike the officer's body was that the officer warded off the blows with his arms. Section 38.03 of the Texas Penal Code prohibits the use of force against a peace officer and is applicable to blows that fall upon the arms, as well as the face or body, of the officer. Appellant's violation of this provision was shown beyond a reasonable doubt.

After a careful study of the record we find the evidence to be sufficient to support the Juvenile Court's findings and judgment.

The judgment of the trial court is affirmed.