**Leon William GUEVARA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 57629.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Anthony Sauer, Fredericksburg, for appellant.

Gerald W. Schmidt, County Atty., Fredericksburg, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This appeal came to us on a bare transcript, without a statement of facts or appellant's brief. By an unpublished per curiam opinion delivered February 15, 1978, we abated the appeal so that the trial court could inquire why no statement of facts was prepared and why neither the retained counsel nor the appointed counsel filed a brief for the appellant. The trial court has conducted a hearing, and we reinstate the appeal.

We need not reach the question of whether the appellant has been denied effective assistance of counsel on appeal. Fundamental error appears in the record (which still lacks a statement of facts and a brief on the merits).

The appellant was charged by an information which alleges that he "did then and there intentionally obstruct and prevent the arrest of Leon William Guevara by use of force against Tom S. Adams, Jr. hereafter called complainant; and that the said Leon William Guevara knew complainant to be a Peace Officer."

The elements of resisting arrest (Texas Penal Code, Section 38.03) are:

1. a person

2. intentionally

3. prevents or obstructs a person he knows is a peace officer (or a person acting in a peace officer's presence and at his direction) from effecting an arrest of the actor or another

4. by using force against the peace officer or another.

The information does not allege that the appellant prevented or obstructed a person he knew was a peace officer from effecting an arrest. This is the gist of the offense. Resisting arrest occurs only when a peace officer (or his agent) is prevented or obstructed from effecting an arrest. The information merely alleges that "an arrest" was prevented and obstructed. So far as the information shows, the person trying to effect this arrest may not have been a peace officer (or his agent). Such an information does not charge the offense of resisting arrest. [The person against whom force was used is alleged to have been a peace officer, but this is surplusage and not sufficient to cure the error. The person against whom force is used may be anyone: "the peace officer or another." Texas Penal Code, Section 38.03(a).]

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The information covers all of the elements of V.T.C.A., Penal Code, Section 38.-03. It alleges that appellant

"[d]id then and there obstruct and prevent the arrest of Leon William Guevara by the use of force against Tom S. Adams Jr., hereinafter called complainant, and that the said Leon William Guevara knew complainant to be a Peace Officer."

By any reasonable construction the information alleges that appellant intentionally obstructed his own arrest by use of force against Adams and that appellant knew that Adams was a peace officer. The majority writes: " . . . the person trying to effect this arrest may not have been a peace officer." There was no motion to set aside or quash the information. No complaint about the information has been raised on appeal.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Even without resorting to this statute, the information sufficiently alleges that Adams was attempting to arrest appellant and that appellant used force against Adams to prevent the arrest.

The information is sufficient. The cause should not be reversed.