**Johnny JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59542.**

Court of Criminal Appeals of Texas, Panel 2.

May 28, 1980.

On Rehearing Nov. 12, 1980.

Ronald L. Goranson, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and William Fry, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of resisting arrest. After a jury finding of guilty, appellant was assessed a punishment of 180 days in the county jail. Appellant asserts that the information under which he was charged was fundamentally defective. We agree and reverse.

The offense of resisting arrest is proscribed by V.T.C.A., Penal Code, Section 38.03, which provides that:

"A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or a search of the actor or another by using force against the peace officer or another."

Divested of its formal parts, the information in the instant case alleged that appellant

"did unlawfully then and there intentionally obstruct and prevent the arrest of Johnny Jones by use of force against J. M. Smith, who (sic) the said defendant knew to be a peace officer, by striking the said J. M. Smith."

Appellant's contention that this information is defective in that it does not allege that Officer Smith "was effecting the arrest of the appellant at the time the appellant allegedly struck the officer" has merit.

This information is markedly similar to that in *Guevara v. State*, 585 S.W.2d 744 (Tex.Cr.App.1979) and is similarly defective because it does not allege that appellant obstructed or prevented a person whom he knew to be a police officer from making an arrest.

The judgment is reversed and the cause is remanded with directions to dismiss the information.

DOUGLAS, Judge, dissenting.

The majority reverses this case based on the authority of *Guevara v. State*, 585 S.W.2d 744 (Tex.Cr.App.1979). In that case I dissented because, by any reasonable construction, the information alleged that appellant intentionally obstructed his own arrest by use of force against the complainant and that appellant knew that the complainant was a peace officer. The same rationale applies to the present case.

The majority claims that the information does not allege that appellant obstructed or prevented a person whom he knew to be a police officer from making an arrest. In point of fact, however, any reasonable individual reading this indictment must conclude that all of those elements are present.

Article 21.17, V.A.C.C.P., states:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

In *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978), and in *Ex parte Burkett*, 577 S.W.2d 265 (Tex.Cr.App.1979), we held that the exact words of a statute need not be alleged when there is no material difference between the words of the statute and the allegation of the indictment or information.

This information is sufficient. The judgment should not be reversed.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission the panel opinion held that the information charging the offense of resisting arrest was fundamentally defective because it does not allege that officer Smith was effecting the arrest of the appellant at the time the appellant allegedly struck the officer and because it does not allege that appellant obstructed or prevented a person whom he knew to be a police officer from making an arrest. There was a dissenting opinion.

On rehearing the State asks this court en banc to take another look at the question presented.

V.T.C.A., Penal Code, § 38.03, reads:

"A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another."

The elements of said offense are:

(1) a person

(2) intentionally prevents or obstructs

(3) a person he knows is a peace officer, or

(4) a person acting in a peace officer's presence and at his direction

(5) from effecting an arrest or search

(6) of the actor or another

(7) by using force against the peace officer or another.

See Branch's Texas Anno. Penal Statutes, Vol. 3, § 38.03, p. 112; *Sutton v. State*, 548 S.W.2d 697 (Tex.Cr.App.1977).

The misdemeanor information alleged that the appellant (Johnny Jones) on or about July 12, 1976 "did unlawfully then and there intentionally obstruct and prevent the arrest of Johnny Jones by use of force against J. M. Smith, who the said defendant knew to be a peace office, by striking the said J. M. Smith."

The State argues that the logic of the panel opinion creates two possible situations: (1) that some person, not a peace officer, was arresting the appellant and in order to prevent or obstruct this arrest by a third person, appellant searched out a peace officer and struck that officer; or (2) appellant was being arrested by a peace officer and in order to prevent or obstruct this arrest the appellant struck the peace officer seizing him. The State argues the second interpretation of the wording of the information is logical and the first interpretation is so unreasonable as to require its elimination from consideration. Be that as it may, we observe that Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Article 21.23, V.A.C.C.P., provides:

"The rules with respect to allegations in an indictment and the certainty required apply also to an information."

The information here in question was apparently drafted in accordance with Branch's Texas Anno. Penal Statutes, Vol. 3, § 38.03, p. 112. It is not as good a form to follow as the one set forth in Morrison and Blackwell, New Texas Penal Code Forms, § 38.03, p. 59, but a common sense reading and construction of the information in the instant case would show that all of the elements of the offense are included, and the information is not fundamentally defective. The information charges that Jones did intentionally prevent or obstruct his own arrest by use of force against J. M. Smith by striking Smith whom he knew to be a police officer. This was sufficient. To

the extent that *Guevara v. State*, 585 S.W.2d 744 (Tex.Cr.App.1979), is in conflict, herewith it is overruled.

The State's motion for rehearing is granted; the order of reversal is set aside and the judgment is affirmed.

PHILLIPS, J., concurs in the result.

ROBERTS, ODOM and DALLY, JJ., dissent.

CLINTON, Judge, concurring.

In joining the majority opinion on original submission, I was following the finding and conclusion in *Guevara* which, in effect, became the opinion of the Court when rehearing en banc was denied. Now the Court would overrule *Guevara*. As reflected by the majority and dissenting opinions in *Guevara* —indeed, by the opinions in this cause–there is no precedent to guide us. Thus whatever conclusion one reaches is purely a judgment call. In this minor contretemps, I am content to abide the reading of the information by the lights of the majority, but I do not understand the Court to be quietly adopting for future contests "a common sense reading and construction."

Accordingly, I concur in the judgment of the Court.