Johnny JONES

v.

The STATE of Texas, Appellee.

No. 59542.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 14, 1981.

Ronald L. Goranson, court appointed on appeal, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and William M. Fry, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON COURT'S OWN MOTION

ONION, Presiding Judge.

On original submission, 606 S.W.2d 856, this cause was reversed by a panel opinion because the information was found to be fundamentally defective. In an en banc opinion on State's motion for rehearing the information was held valid and the judgment was affirmed. Three other grounds of error were not discussed nor mentioned as the court concluded they were without merit.

Appellant urges that we discuss these three grounds before finally disposing of this appeal. We shall now do so. Appellant contends the trial court committed fundamental error in permitting the prosecutor to make an opening statement which misplaced the burden of proof. When the court asked the prosecutor to read the information, the prosecutor began to explain the purpose of an information stating it was the legal document that brought the appellant to court, that it laid out the specifics the State was required to prove, and added, "And thirdly, it apprises the Defendant of exactly what he is being charged with so he can prepare his defense if in fact he has a defense." The information was then read. There was no objection to the statement. Considering the record as a whole and the jury instruction on the bur-

den of the proof, we perceive no fundamental error.

■ Appellant contends the trial court committed fundamental error in its charge by allowing a conviction upon theories not alleged in the information. The charge was on a printed form in which the names of the parties or other matters were filled into the blanks. Such forms are not to be commended. The charge in part added to the State's burden and did not require a finding of "striking" as alleged but used the word "force." We observe that there was no objection or special requested charge. See Articles 36.14 and 36.15, V.A.C.C.P. Viewing the charge as a whole, we cannot perceive fundamental error. See Article 36.19, V.A.C.C.P.

Appellant further contends the evidence is insufficient to sustain the conviction. This is based on the contention that the information alleged the appellant resisted arrest by striking officer J. M. Smith, and there was no evidence that the appellant struck the peace officer.

An examination of the record does show that the precise word "strike" was not used.

■ Officer Parker testified that as he and officer Smith attempted to arrest the appellant, the appellant began to struggle with his arms and body wiggling back and forth to prevent the officers from getting his arms behind him. He pushed and shoved against both officers. The struggling went about two minutes.

Officer Smith testified when the officers attempted to arrest the appellant, the appellant began to fight with them and resisting arrest, and during the fight the appellant grabbed Smith above his left arm and jerked Smith's arm. Smith testified that appellant intentionally resisted arrest and applied force to his (Smith's) person.

We conclude the evidence is sufficient to sustain the conviction.