**Rayford Odell SAMPLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60567.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

On Rehearing Jan. 20, 1982.

Howard C. Rubin, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Jim Everett and Greg Davis, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

R. K. Weaver, Asst. Dist. Atty., Dallas, for the State on rehearing.

Before ROBERTS, DALLY and CLINTON, JJ.

OPINION

ROBERTS, Judge.

The appellant was found guilty of the offense of resisting arrest; punishment was assessed at confinement for 120 days in the county jail.

The appellant contends that the jury charge contains fundamental error in that it authorized a conviction on theories not alleged in the information. The information alleged that the appellant did:

> "intentionally prevent and obstruct I. D. Phillips, a person that the [appellant] knew to be a peace officer from effecting the arrest of the [appellant], by striking I. D. Phillips with his fist."

It is readily apparent that the information alleged a specific means of resisting arrest —"by striking I. D. Phillips with his fist." The trial court's charge failed to restrict the jury's consideration of the various means used by the appellant in resisting the arrest to this specific use of force. Instead the court charged the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 11th day of June, 1977 in Dallas County, Texas, I. D. Phillips was a peace officer, to wit, a police officer of the city of Dallas, Texas, and that the defendant, Rayford Odell Sample knew the said I. D. Phillips was then and there such peace officer, and that the said I. D. Phillips did attempt to make an arrest of Rayford Odell Sample and the defendant intentionally prevented or obstructed the said I. D. Phillips from effecting such arrest *by using force* against the said I. D. Phillips then you will find the defendant guilty as charged in the information, and you will make no finding in this verdict as to punishment. If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict Not Guilty." (Emphasis added.)

A charge which authorizes a conviction on theories not alleged in the indictment or information is fundamentally defective. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979). The court's charge in the instant case failed to require the jury to find that the appellant resisted arrest by committing the act described in the information. Rather the charge authorized the jury to convict the appellant if it found that the appellant used any force in resisting the arrest. This was error. *Sandig v. State*, 580 S.W.2d 584 (Tex.Cr.App.1979); *Thompson v. State*, 577 S.W.2d 497 (Tex.Cr.App. 1979).

Although the judgment must be reversed we still must address the appellant's contention that the evidence was insufficient, for this ground would entitle the appellant to a judgment of acquittal rather than a new trial. *Rains v. State*, 604 S.W.2d 118 (Tex. Cr.App.1980). See *United States v. Meneses-Davila*, 580 F.2d 888, 896 (5th Cir. 1978).

The appellant challenges the sufficiency of the proof that he resisted arrest "by striking I. D. Phillips with his fist." I. D. Phillips, a Dallas police officer, testified that he arrested the appellant on June 11, 1977, after the appellant refused to sign a speeding citation. The officer further testified concerning the arrest as follows:

"Q. All right. Officer, after you told the Defendant that he was under arrest, what did you do?

"A. I took hold of the Defendant's right arm to turn him towards the squad car to search him.

      *       *       *       *       *       *

"Q. When you attempted to place the Defendant at the front of your squad car so you could search him, what did the Defendant do?

"A. When I took hold of the Defendant, he immediately tried to jerk away from me.

      *       *       *       *       *       *

"Q. Okay. And then what did the Defendant do?

"A. At that time, the Defendant swung at me with his left hand and hit me on the right side of my face.

      *       *       *       *       *       *

"Q. And on June 11, 1977, in Dallas County, Texas, did Rayford Odell Sample strike you with his fist?

"A. Yes, sir, he did.

"Q. Were you a Dallas police officer on June 11, 1977?

"A. Yes, sir, I was.

"Q. And were you trying to effect the arrest of Rayford Odell Sample on June 11, 1977, in Dallas County, Texas when you were hit by Rayford Odell Sample with his fist?

"A. Yes, sir, I was."

We hold that the evidence was sufficient to show that the appellant resisted arrest "by striking I. D. Phillips with his fist."

The State's proof that the appellant also used other force in resisting the arrest did not render the evidence insufficient. The appellant's challenge to the sufficiency of the evidence is overruled.

The judgment is reversed and the cause is remanded.

DALLY, J., dissents.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted for resisting arrest. Punishment was assessed at 120 days in the Dallas County jail.

■ On original submission, a panel of this Court found that the jury charge contained fundamental error. The panel held the charge was fundamentally defective in that it authorized a conviction on a theory not alleged in the information. The information, in pertinent part, alleges that the appellant did:

"... then and there intentionally prevent and obstruct I. D. Phillips, a person that Defendant knew to be a peace officer from effecting the arrest of the Rayford Odell Sample, by striking I. D. Phillips with his fist."

The trial court's charge, a printed form in which the names and titles of the parties and the date of the offense were filled into the blanks, reads as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 11th day of June, 1977 in Dallas County, Texas, I. D. Phillips was a peace officer, to wit, a police officer of the city of Dallas, Texas and that the defendant, Rayford Odell Sample knew the said I. D. Phillips was then and there such peace officer, and that the said I. D. Phillips did attempt to make an arrest of Rayford Odell Sample and the defendant intentionally prevented or obstructed the said I. D. Phillips from effecting such arrest by using force against the said I. D. Phillips then you will find the defendant

guilty as charged in the information, and you will make no finding in this verdict as to punishment. If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict Not Guilty."

As the above shows, the information alleged that appellant resisted arrest by striking the officer with his fist while the jury charge instructed the jury to convict appellant if they found he resisted the arrest by using force against the officer. The panel's reliance on *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), is misplaced. The charge in this case does not enlarge on the indictment. *Cumbie* sets the proposition that enlarging on the indictment is fundamental error in that it authorizes conviction on proof different from and something less than that required to prove the allegations in the indictment. But that type of situation is not presented in the case at bar and thus *Cumbie* does not apply.

The applicable case is *Jones v. State*, 620 S.W.2d 129 (Tex.Cr.App.1981), in which Jones was also charged with resisting arrest in Dallas County. The trial court used the same form jury charge as in the instant case. The indictment charged Jones with resisting arrest by "striking". As in the instant case, this Court, sitting en banc, observed that there was no objection made to the jury charge, nor did the appellant offer a special requested charge. This Court found that the charge did not enlarge on the indictment but rather it added to the State's burden. This Court further found there was no fundamental error and affirmed Jones' conviction. We follow *Jones v. State*, supra, and find that there is no fundamental error in the jury charge as written.

■ Appellant's second ground of error asserts that the information was fundamentally defective in that it failed to state that force was used to commit the offense. No motion to quash was filed. Thus, we can only consider this challenge to the informa-

tion if the defect is of such a degree as to charge no offense against the law. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Our first inquiry must focus on the question of whether the information charged an offense under the statute. V.T.C.A. Penal Code, Section 38.03, defines resisting arrest as follows:

> "(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another."

The elements of the offense are:

(1) A person

(2) intentionally prevents or obstructs

(3) a person he knows is a peace officer, or

(4) a person acting in a peace officer's presence and at his direction

(5) from effecting an arrest or search

(6) of the actor or another

(7) by using force against the peace officer or another.

See *Jones v. State*, 606 S.W.2d 856 (Tex.Cr. App.1980) (Opinion on State's Motion for Rehearing). Appellant maintains the information does not properly charge the last element. Article 21.17, V.A.C.C.P., states that:

> "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which includes the sense of the statutory words."

We conclude that the allegation that appellant resisted arrest "by striking . . . with his fist" was a sufficient allegation of "force". For an analogous case, see *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980), in which the Court found that an indictment for aggravated kidnapping which alleged ". . . by using and threatening to use a deadly weapon, namely: a pistol" was a

sufficient allegation of "deadly force". We hold that the information does charge an offense against the law. Appellant's second ground of error is overruled.

 In his final ground of error, appellant asserts that the evidence was insufficient as a matter of law to establish that he resisted arrest by striking the officer with his fist. Both Officer I. D. Phillips and his partner, Officer M. L. Eudy, testified that the appellant struck Officer Phillips with his fist after being told he was under arrest. There was no controverting evidence presented. *Matter of Hartsfield*, 531 S.W.2d 149 (Tex.Civ.App.—Tyler, no writ history, 1975); *Washington v. State*, 525 S.W.2d 189 (Tex.Cr.App.1975). Appellant's third ground of error is overruled.

Finding no reversible error, the State's motion for rehearing is granted, and the judgment is affirmed.

ROBERTS and TEAGUE, JJ., dissent.