COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
  
NO. 2-03-112-CV
 
  
IN 
THE MATTER OF M.D.H.
 
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1] ON REHEARING
 
------------
        After 
reviewing Appellant M.D.H.’s motion for rehearing, we deny the motion. We also 
withdraw our December 18, 2003 opinion and judgment and substitute the 
following.
------------
        Appellant 
was charged in cause number 74033-J with misdemeanor assault on a family member 
and resisting arrest. The State’s pleadings, in reference to the resisting 
arrest charge, stated that Appellant used force against a peace officer, “to 
wit: pulling away from him.” Prior to the adjudication hearing, the State 
waived the assault charge, and Appellant stipulated to the State’s evidence on 
the resisting arrest charge. The trial court noted, on the record, that the 
misdemeanor assault charge was dropped and that it would “consider the 
evidence only as it relates to the second paragraph, the evading arrest 
offense.” The trial court, sitting without a jury, found that Appellant 
engaged in delinquent conduct by resisting arrest. At the disposition hearing, 
the trial court reviewed Appellant’s social history report, and determined 
that Appellant had two previous delinquency adjudications, both for misdemeanor 
assault/family violence. Appellant was on probation for the second prior offense 
when she committed the present offense of resisting arrest. The trial court 
committed Appellant to an indeterminate sentence in the Texas Youth Commission (TYC). 
In five issues, Appellant complains of the legal and factual sufficiency of the 
evidence to support the adjudication and disposition of her case and asserts 
that the trial court erred in considering evidence regarding her two prior 
delinquent adjudications. We affirm.
STANDARD OF REVIEW
        In 
the adjudication phase of a juvenile case, the criminal legal and factual 
sufficiency standards of review are employed. In re J.D.P., 85 S.W.3d 
420, 422-23 (Tex. App.—Fort Worth 2002, no pet.); In re G.A.T., 16 
S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict. Cardenas v. 
State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); Narvaiz v. State, 
840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975 
(1993). The critical inquiry is whether, after so viewing the evidence, any 
rational trier of fact could have found the essential elements of the crime 
beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. 
Crim. App.), cert. denied, 522 U.S. 844 (1997). This standard gives full 
play to the responsibility of the trier of fact to resolve conflicts in the 
testimony, to weigh the evidence, and to draw reasonable inferences from basic 
facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 
2781, 2788-89 (1979).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient if it 
is so weak as to be clearly wrong and manifestly unjust or the adverse finding 
is against the great weight and preponderance of the available evidence. Johnson, 
23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all 
the evidence, both for and against the finding, demonstrates that the proof of 
guilt is so obviously weak as to undermine confidence in the verdict, or the 
proof of guilt, although adequate if taken alone, is greatly outweighed by 
contrary proof. Id. In performing this review, we are to give due 
deference to the fact finder's determinations. Id. at 8-9; Clewis, 
922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient 
only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 
9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
        In 
the disposition phase of a juvenile case, we review the evidence under the civil 
standard. J.D.P., 85 S.W.3d at 426. In reviewing the legal sufficiency, 
we therefore consider only the evidence and inferences tending to support the 
findings under attack and set aside the judgment only if there is no evidence of 
probative force to support the findings. Id.; see In re A.S., 
954 S.W.2d 855, 858 (Tex. App.—El Paso 1997, no pet.); In re S.A.M., 
933 S.W.2d 744, 745 (Tex. App.—San Antonio 1996, no writ). In reviewing 
Appellant's factual sufficiency claim, we consider and weigh all the evidence 
and set aside the judgment only if the finding is so against the great weight 
and preponderance of the evidence as to be manifestly unjust. J.D.P., 85 
S.W.3d at 426; In re T.K.E., 5 S.W.3d 782, 784 (Tex. App.—San Antonio 
1999, no pet.); In re K.L.C., 972 S.W.2d 203, 206 (Tex. App.—Beaumont 
1998, no pet.); A.S., 954 S.W.2d at 862.
        Appellant, 
in her second issue, argues that, when reviewing a factual sufficiency challenge 
where the burden of proof at trial was beyond a reasonable doubt, courts should 
view the evidence in a neutral light and determine whether any rational trier of 
fact could have found the essential elements of the offense beyond a reasonable 
doubt. Appellant contends that we should apply the standard of review set forth 
by the Texas Supreme Court for parental termination cases, which asks whether 
the evidence is such that a fact finder could reasonably form a firm belief or 
conviction about the truth of the State’s claims. See In re C.H., 89 
S.W.3d 17, 25-26 (Tex. 2002). The supreme court was clear, however, that this 
standard applies to parental-right terminations, for which the burden of proof 
at trial is clear and convincing evidence. Id. We decline Appellant’s 
invitation to adopt a new standard of review for juvenile adjudications, and 
instead, follow the standards this court has followed in the past. Weiner v. 
Wasson, 900 S.W.2d 316, 320 (Tex. 1995) (for reasons of efficiency, 
fairness, and legitimacy, a court must adhere to its precedents); In re C.J.H., 
79 S.W.3d 698, 702-03 (Tex. App.—Fort Worth 2002, no pet.); In re J.S., 
35 S.W.3d 287, 292 (Tex. App.—Fort Worth 2001, no pet.); Conner v. 
ContiCarriers & Terminals, Inc., 944 S.W.2d 405, 422 (Tex. 
App.—Houston [14th Dist.] 1997, no writ).
Discussion
        In 
Appellant’s first and third issues, she argues that the evidence was legally 
and factually insufficient to support a conviction for resisting arrest. 
Appellant was adjudicated delinquent after the trial court found that she was 
guilty of resisting arrest as defined by section 38.03 of the Texas Penal Code:
(a) 
A person commits an offense if he intentionally prevents or obstructs a person 
he knows is a peace officer or a person acting in a peace officer’s presence 
and at his direction from effecting an arrest, search, or transportation of the 
actor or another by using force against the peace officer or another.

 
Tex. Penal Code Ann. § 38.03(a) (Vernon 2003).
        Although 
Appellant signed a “Stipulation of Evidence,” she argues that she did not 
stipulate to the entire record and asks us to disregard portions of the record. 
In Appellant’s stipulation, she consented to the stipulation of evidence in 
cause number 74033-J, and expressly waived the appearance, confrontation, and 
cross-examination of witnesses. The stipulation is signed by Appellant, as well 
as her attorney. During the adjudication portion of the hearing and after the 
State produced evidence that Appellant attempted to strike an officer, 
Appellant’s counsel argued that she stipulated only to pulling away from the 
police officer. When Appellant attempted to tell the court her version of the 
facts, the court explained:
  
[MDH], 
let me tell you, I understand you’re trying to tell me your side of the story, 
but if we’re going to stipulate to the evidence today, then the only evidence 
that I can consider is what the District Attorney has just told me. That’s 
what I need to consider is what those witnesses would say is what happened from 
their perspective, and that’s the evidence that I can consider in finding 
whether or not you broke the law. Do you understand that?
 
[APPELLANT]: 
Yes, ma’am.
 
THE 
COURT: And is that how you want to proceed today?
 
[APPELLANT’S 
ATTORNEY]: Can I have just a minute, Your Honor?
 
THE 
COURT: You may.
(Off-the-record 
discussion here.)
 
THE 
COURT: All right. Is that how you want to proceed today, with me considering 
what the D.A.’s evidence is?
 
[APPELLANT]: 
Yes, ma’am.

 
In 
light of Appellant’s signed Stipulation of Evidence and her statements at 
trial, we will consider all of the State’s evidence presented at trial.
        In 
further attempts to have this court disregard evidence that Appellant attempted 
to strike the officer, Appellant argues, for the first time in her reply briefs, 
that the pleadings do not support an adjudication on anything more than pulling 
away because the pleadings do not include claims that Appellant struck at the 
officer. Thus, according to Appellant, any adjudication on “unpled 
allegations” would be void for lack of supporting pleadings. In the 
alternative, Appellant argues, again for the first time in her reply briefs, 
that the information beyond pulling away from the officer was simply res gestae 
of the offense and could not form the basis of an adjudication.
        A 
reply brief may not be used to raise new complaints. Tex. R. App. P. 38.03; Barrios 
v. State, 27 S.W.3d 313, 321-22 (Tex. App.—Houston [1st Dist.] 2000, pet. 
ref’d.), cert. denied, 534 U.S. 1024 (2001); Gabriel v. Snell, 
613 S.W.2d 810, 813 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ). The 
Texas Rules of Appellate Procedure do not allow an appellant to include in a 
reply brief a new issue in response to some matter pointed out in the 
appellee’s briefs but not raised by appellants original brief. In re A.M., 
101 S.W.3d 480, 486 (Tex. App.—Corpus Christi 2002, no pet.). Appellant claims 
that these new issues fall within the ambit of her first issue—that “the 
stipulated evidence is legally insufficient to support a conviction for 
resisting arrest.” We disagree. Although Appellant’s original argument under 
her first issue was based on her claims that the stipulated evidence was limited 
to pulling away, there is no mention of void pleadings or res gestae. Only after 
the State’s reply brief pointed out that Appellant stipulated to all of the 
evidence as it relates to the offense of resisting arrest, did Appellant raise 
these new claims. Consequently, we do not address Appellant’s defective 
pleading arguments; instead, we address only the issues asserted in 
Appellant’s original brief.[2]
        The 
stipulated evidence reflects that two Hurst police officers were dispatched to a 
residence in Hurst, Texas, on February 11, 2003, regarding a domestic 
disturbance. The officers arrived and observed Appellant’s sister, Miranda, 
lying on the floor crying. Miranda, pregnant at the time, told the officers that 
Appellant kicked her in the crotch area. Miranda was transported to the 
hospital, and the officers informed Appellant that she was under arrest. 
Appellant stated that she was not going and began screaming. As one of the 
officers reached out for Appellant’s arm, she jerked it away and attempted to 
strike the officer with her hand. The struggle moved outside the residence, and 
the officers were eventually able to subdue Appellant and place her under 
arrest. The stipulated evidence establishes that Appellant intentionally 
prevented the officers from arresting her by pulling away and by striking at one 
of the officers. Under these facts, there was factually and legally sufficient 
evidence to show that Appellant resisted arrest. Tex. R. App. P. 38.03; Torres 
v. State, 103 S.W.3d 623, 626-27 (Tex. App.—San Antonio 2003, no pet.) 
(discussing contradictory caselaw and concluding that “a person who uses force 
in order to shake off an officer’s detaining grip, whether by pushing or 
pulling, may be guilty of resisting arrest”); Hopper v. State, 86 
S.W.3d 676, 679 (Tex. App.—El Paso 2002, no pet.); Haliburton v. State, 
80 S.W.3d 309, 313 (Tex. App.—Fort Worth 2002, no pet.) (“kicking at” 
officer was sufficient to support resisting arrest conviction); In re 
Hartsfield, 531 S.W.2d 149, 152 (Tex. Civ. App.—Tyler 1975, no writ) 
(finding that juvenile used force to resist arrest was shown beyond a reasonable 
doubt by arresting officer's uncontradicted testimony that, when the juvenile 
started swinging at him, the officer protected his face and body by warding off 
the blows with his arms). We overrule Appellant’s first and third issues.
        In 
Appellant’s fourth and fifth issues, she complains that the trial court erred 
in admitting evidence regarding her two prior delinquent adjudications because 
the State failed to plead support for committing Appellant to TYC. Under the 
Texas Family Code, the trial court can commit a juvenile to TYC for committing a 
misdemeanor when the court finds the juvenile “has been adjudicated as having 
engaged in delinquent conduct violating a penal law of the grade of misdemeanor 
on at least two previous occasions.” Tex. Fam. Code Ann. § 54.04(s)(1) (Vernon Supp. 2004). 
Appellant claims that the State failed to give her notice in its pleadings that 
it was going to seek to enhance her punishment by alleging two prior 
misdemeanors. Appellant cites section 53.04(d)(5), a notice provision applying 
to habitual felony conduct, to assert that the State was required “by 
the spirit of [the] section” to provide notice in the case at hand of 
Appellant’s misdemeanor convictions. Appellant argues that the trial 
court violated her due process rights under the United States Constitution and 
notice requirements of the Texas Family Code in considering evidence of the two 
prior adjudications. U.S. Const. amends. V, VI, XIV, § 1; Tex. Fam. Code Ann. §§ 54.04(d)(2), 54.04(s), 
54.04(t). We do not address the merits of Appellants fourth and fifth issues 
because she did not preserve her complaint with a timely and specific objection. 
See Tex. R. App. P. 33.1.
        Appeals 
in juvenile delinquency proceedings are governed by the rules of civil 
procedure. Tex. Fam. Code Ann. § 51.17(a). To preserve error for 
appellate review, an appellant must make a timely, specific objection, and 
obtain an adverse ruling. Tex. R. App. P. 33.1; In 
re B.L.D., 113 S.W.3d 340, 345 (Tex. 2003); In re J.F.C., 96 S.W.3d 
256, 287 (Tex. 2002) (Schneider, J., dissenting). However, appellate courts may 
consider unpreserved error that is fundamental. J.F.C., 96 S.W.3d at 287; 
McCauley v. Consol. Underwriters, 304 S.W.2d 265, 266 (Tex. 1957). In J.F.C., 
the court stated:
  
Substantively, 
public-interest-based fundamental error is rare, implicated only when our most 
significant state public interests are at stake. The meaning of the ‘public 
interest’ that is adversely affected must be extremely circumscribed, or the 
exception would swallow the rule. Thus, it cannot be enough to allege that an 
error violates a party's constitutional rights.

  
96 
S.W.3d at 292. Both the Texas Supreme Court and the United States Supreme Court 
have held that constitutional arguments that are not preserved in the lower 
courts may be waived. In re L.M.I., 119 S.W.3d 707, 777 (Tex. 2003) 
(citing Webb v. Webb, 451 U.S. 493, 496-97, 101 S. Ct. 1889, 1891-92 
(1981)) (holding that constitutional error was waived, even though petitioner 
repeatedly used the phrase “full faith and credit,” because petitioner did 
not cite to the federal constitution or to any cases relying on the Full Faith 
and Credit Clause of the federal Constitution); Tex. Dep’t of Protective 
& Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861 (Tex. 2001) (holding 
constitutional claim that paternity suit should not be barred by statute of 
limitations is waived by failing to raise the issue before the trial court).
        The 
record reflects that Appellant did not make an objection to the trial court’s 
review of her prior delinquency adjudications at any time during the 
adjudication or disposition phases of the trial. Prior to admitting 
Appellant’s social history into evidence, the trial judge said the following 
to Appellant’s counsel: “[B]ecause I’ve been referring to it so much, 
I’m going to admit a copy of the social history and the psychological [report] 
as the Court’s Exhibit Number One. [Are] there any objections to that?” 
Appellant’s counsel replied, “No, Your Honor.” Accordingly, Appellant has 
waived our review of these issues. We overrule Appellant’s fourth and fifth 
issues.
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.


 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE

 
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
WALKER, 
J. concurs without opinion.
 
DELIVERED: 
February 26, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant argues, again for the first time in her reply briefs, that this court 
should consider whether pulling away, standing alone, is legally and factually 
sufficient to show the offense of resisting arrest. Notwithstanding 
Appellant’s attempts to raise new issues in her reply briefs, the stipulated 
evidence includes evidence that Appellant both pulled away and struck at the 
officer. We, therefore, do not address whether either act, standing alone, would 
satisfy the requirements of § 38.03. Tex. R. App. P. 38.03.