Affirmed and Memorandum Opinion filed July 5, 2005









Affirmed and Memorandum Opinion filed July 5, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01150-CR

____________

 

AUDREY ANN SANTOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law

Waller County, Texas

Trial Court Cause No. CC03-040

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Audrey Ann Santos,
guilty of resisting arrest; the trial court assessed a penalty of one year
probation and a one thousand dollar fine. 
Appellant brings this appeal, claiming that the evidence is legally and
factually insufficient to convict her. 
We affirm the judgment of the trial court.  

                                                     Background








The events leading up to the arrest of
appellant are hotly disputed by the parties. 
Officer Jeffrey Singletary testified as follows: On the night of
November 16, 2002, he initiated a traffic stop of appellant=s vehicle after
she had failed to observe a stop sign. 
Appellant=s friend Rocquel Hines was in the car with
her.  After approaching the vehicle,
Officer Singletary identified himself as a police officer and asked to see
appellant=s driver=s license and
proof of insurance.  She refused to do so
and became argumentative with him. 
Officer Singletary then determined that it was necessary to place appellant
under arrest and asked her to step out of the car.  After appellant=s repeated refusal
to comply with Officer Singletary=s demands, he then
tried to reach inside the car to grab appellant and place her under
arrest.  Appellant began to Acat fight@ with the officer
by swatting at him with her hands.  As
Officer Singletary pulled appellant out of the vehicle, they spun around to the
back of the car.  Officer Singletary
described this series of events as a struggle, during which he was able to call
for help on his radio.  Approximately
three minutes later, Officer Alex Garcia arrived at the scene to assist in the
arrest.  Officer Garcia testified that
appellant grabbed his arm as he attempted to subdue her.  Officer Garcia also testified that appellant
attempted to push away the officers with her buttocks and fought with the
officers.  Eventually the officers were
able to place appellant under arrest.

By contrast, appellant testified that she
was essentially attacked by two men whom she later found out to be police
officers.  Appellant testified that she
only resisted arrest passively by locking her hands together and keeping them
underneath her.  Appellant denied
fighting, pushing, grabbing, or hitting the officers in any way.

Legal and Factual Sufficiency








We utilize the normal standards of review
in evaluating legal and factual sufficiency claims.  See Jackson v. Virginia, 443
U.S. 307 (1979); Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App.
2004) (factual sufficiency standards); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (legal sufficiency standards).  In order to obtain a conviction for resisting
arrest, the State was required to prove beyond a reasonable doubt that
appellant intentionally prevented or obstructed a person she knew was a peace
officer from effecting an arrest of appellant or another by using force against
the peace officer or another.  Tex. Pen. Code Ann. ' 38.03(a).  In a single point of error, appellant claims
that the evidence is legally and factually insufficient to establish that she
used force against a peace officer or another. 
We disagree.

The Texas Penal Code provides no
definition of Aforce.@  See Tex.
Pen. Code Ann. ' 1.07 (general definitions), ' 38.01
(definitions specific to resisting arrest offense).  Case law indicates that evidence is
sufficient to establish resisting arrest when the defendant struck an officer (See
Sample v. State, 626 S.W.2d 515, 517 (Tex. Crim. App. 1981) and Burke v.
State, 692 S.W.2d 570, 571 (Tex. App.CHouston [14th
Dist.] 1985, no pet.)); pushed, shoved, struggled, and fought with an officer (see
Jones v. State, 620 S.W.2d 129, 130 (Tex. Crim. App. 1980)); pushed and
struck an officer (see Humphreys v. State, 565 S.W.2d 59, 61 (Tex. Crim.
App. 1978)); and dragged an officer (see Washington v. State, 525 S.W.2d
189, 189 (Tex. Crim. App. 1975)). 

In this case, the record reveals that
appellant=s actions rose to the level of using force
to resist arrest in accordance with the aforementioned case law.  See Sample, 626 S.W.2d at 517; Humphreys,
565 S.W.2d at 61; Washington, 525 S.W.2d at 189.  Officer Singletary testified that the
appellant Aswatt[ed]@ at him and
struggled with him for a period of time. 
Officer Garcia additionally testified that appellant dug her nails into
and twisted his arm as he tried to subdue her, fought, and pushed away from the
officers with her buttocks.  Based on
this evidence, a rational trier of fact could have concluded beyond a
reasonable doubt that appellant forcibly resisted arrest.  Therefore, the evidence is legally sufficient
to support appellant=s conviction.  See King, 29 S.W.3d at 562.








Appellant argues that because she did not
strike, push, shove, or drag the officers, there was insufficient evidence of
force to find that she resisted arrest. 
While these actions are certainly sufficient force against an officer to
establish resisting arrest, see Sample, 626 S.W.2d at 517; Humphreys,
565 S.W.2d at 61; Washington, 525 S.W.2d at 189, they are by no means
the limit of what constitutes force.  See
Luxton v. State, 941 S.W.2d 339, 341 (Tex. App.CFort Worth 1997,
no pet.) (struggling with officer was sufficient force); Anderson v. State,
707 S.W.2d 267, 269B70 (Tex. App.CHouston [1st
Dist.] 1986, no pet.) (swinging arms at and hitting officer was sufficient
force).  For instance, in Luxton,
there was testimony that the defendant was Afighting@ with and Astruggl[ing] with
the officers.@  Luxton,
941 S.W.2d at 341.  Similarly, Officer
Singletary described the arrest attempt as a struggle, and Officer Garcia
testified that appellant was Afighting@ with the
officers.  As such, there was ample
evidence to support appellant=s conviction.  

We also find that a neutral review of the
evidence does not demonstrate that the proof of guilt is so obviously weak as
to undermine confidence in the jury=s determination;
neither is the contrary proof so strong that the reasonable doubt standard
could not have been met.  See Zuniga,
144 S.W.3d at 484.  The majority of
appellant=s evidence consisted of Rocquel Hines=s and appellant=s testimony that
appellant was essentially attacked by the officers while she passively resisted
by holding her hands in front of her and huddling up into a ball.  As such, appellant=s evidence
directly contradicted the State=s evidence,
leaving the jury with the ultimate decision to determine the credibility of the
witnesses.  The jury is the sole judge of
the credibility of the witnesses and the weight to be given he evidence, and
may choose to believe all, some, or none of it. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  We find that appellant=s evidence is
insufficient to undermine the jury=s
determination.  See id.  Based on these determinations, the evidence is
factually sufficient to support appellant=s conviction.

Appellant=s sole point of
error is overruled; we affirm the judgment of the trial court. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed July 5, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).