NUMBER 13-06-00057-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KELVIN MODESTO MEDINA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 2 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 A jury found appellant, Kelvin Medina, guilty of resisting arrest. Tex. Penal Code
Ann. § 38.03 (Vernon 2003). The trial court, on a recommendation by the parties,
sentenced Medina to one year in the Victoria County Jail, probated for two years. By two
issues, Medina contends that (1) the trial court erred in denying his motion to quash
information and (2) that the evidence is factually insufficient to support the conviction. We
affirm.

I. BACKGROUND

 On June 12, 2005, Medina went to Liquid Lounge, a night club in Victoria, Texas. 
Orlon Ridyolph, Liquid Lounge's head of security, testified that he approached Medina
outside the club and told him not to enter. Ridyolph believed Medina had been kicked out
of the club a few weeks earlier. Medina denied having been thrown out of the club. 
Ridyolph told Medina to remain outside while he checked with another employee to verify
Medina's identity. 

 Medina nevertheless entered the club and attempted to pay for admittance. 
Ridyolph returned to the front of Liquid Lounge and told the cashier not to accept payment
from Medina. Ridyolph testified that he explained to Medina that another employee of
Liquid Lounge had confirmed Ridyolph's belief. Ridyolph further testified that he explained
to Medina that he could not enter the club since he had been kicked out previously. 
Medina refused to leave after being asked to leave three times by Ridyolph. The doorman
called over four uniformed, off-duty, Victoria County Sheriff's Deputies, who were serving
as outside security for Liquid Lounge and the neighboring convention center. 

 Deputies Ernest Castillo, Kelly Tillmon, and Richard Martin, along with Investigator
Tony Daniels, responded. Ridyolph testified that he explained the situation to the deputies. 
Deputy Castillo testified that he and the officers stood outside the open door of the club's
entrance and told Medina to leave, but Medina refused. 

 Margot Goode was inside the Liquid Lounge the night in question. Goode testified
that she could not hear what was said between Medina and the officers but she saw
Medina raise his hands and begin to walk backwards towards the door like he was
voluntarily leaving. She then saw one of the officers grab Medina on the arm and lead him
out of the club. Goode testified that once Medina was outside of the club, she looked out
from inside the club and saw him down on the ground. She was unable to see whether
Medina was trying to get away or scuffle with the officers. 

 Two additional witnesses who were inside the club testified that they also saw
Medina throw his arms up and turn to walk out. However, neither of these witnesses was
able to see what occurred once Medina was outside the club.

 During trial the facts about what happened outside the club were highly contested. 
Deputy Castillo testified as follows: Once Medina was outside of the club, Deputy Castillo
told Medina that he had one more opportunity to leave or he would be arrested for criminal
trespass. Medina did not leave, so Deputy Castillo told him that he was under arrest for
criminal trespass. When Deputy Castillo told Medina to put his hands behind his back,
Medina refused. Deputy Castillo then grabbed Medina's right arm and tried to handcuff
him. Medina pushed Deputy Castillo. The other three officers tried to "get him under
control," but Medina swung them around with his upper body strength. Deputy Castillo
drew his ASP baton and struck Medina three times on the leg; Medina finally complied and
was arrested. Deputy Martin also testified that Medina was "swearing and not wanting to
leave."

 Defense witness, Enrique Salazar, a friend of Medina, was outside the club at the
time of the arrest and testified that Medina did not use any force against the officers. 
Salazar testified that Deputy Castillo hit Medina eight or nine times with an ASP baton. 
Ray Perez, another friend of Medina, testified that while Medina was leaving the club,
Deputy Castillo grabbed Medina and told him to leave. Perez testified that Castillo then
said that he was going to arrest Medina for disorderly conduct. According to Perez, Medina
cursed at Deputy Castillo and told him that he would leave. Perez said that as Medina was
leaving, the officers grabbed him, and Deputy Castillo hit Medina at least eight times with
the ASP baton. 

 After hearing all of the testimony, a jury convicted Medina of resisting arrest. The
State and Medina came to an agreement on punishment and made a recommendation to
the trial court. The trial court entered the recommended sentence of one year in the
Victoria County Jail, probated for two years. This appeal ensued.

II. DISCUSSION

A. Issue 1: Motion to Quash

 One week before trial, Medina made an oral motion to the trial court to quash the
information, asserting that the State did not specifically allege the acts that constituted
"force" against Deputy Castillo. The complaint charged that Medina "did then and there
intentionally prevent or obstruct Ernest Castillo, a person the defendant knew to be a
peace officer, from effecting an arrest, of the defendant, by using force against said peace
officer." See Tex. Penal Code Ann. § 38.03(a) (penalizing the resistance of arrest, search,
or transportation). Medina argues that the trial court erred in denying his motion to quash
because the information in the State's complaint did not give proper notice upon which to
prepare a defense to the charged offense. 

 We find that Medina has not properly preserved his first issue. The relevant statute
requires that "[a]ll motions to set aside an indictment or information and all special pleas
and exceptions shall be in writing." Tex. Code Crim. Proc. Ann. art. 27.10 (Vernon 2006);
see also Smith v. State, 902 S.W.2d 755, 756 (Tex. App.-Fort Worth 1995, no writ)
(providing that a written motion to quash is a mandatory requirement). There is no written
motion to quash the information in the record. An oral motion to quash preserves nothing
for review. Faulks v. State, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975). Accordingly,
Medina's first issue is overruled.

B. Issue 2: Factual Sufficiency By his second issue, Medina argues that the evidence is factually insufficient to
support the conviction for resisting arrest. Medina contends that the evidence presented
at trial is factually insufficient to show that he used force against Deputy Castillo as
required by the resisting arrest statute. Medina argues that the evidence shows that he
was merely resisting the use of force applied by the arresting officer, and that while Medina
might have been non-cooperative, he did not resist arrest. 

 In conducting a factual sufficiency review, we view the evidence in a neutral light to
determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. 
Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We will set aside the
verdict only if: (1) the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly
unjust; or (2) the verdict is against the great weight and preponderance of the evidence. 
Id. at 414-15, 417. We cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because we would have voted to acquit; we must defer to the fact-finder's
credibility determinations. Id. at 416; Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000) (en banc).

 Section 38.03 of the Texas Penal Code provides that a person commits the offense
of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace
officer from effecting an arrest, search, or transportation of the actor or another by using
force against the officer. Tex. Penal Code Ann. § 38.03(a) (Vernon 2003). However, the
Texas Penal Code provides no definition of "force." See Tex. Penal Code Ann. § 1.07
(Vernon Supp. 2006) (general definitions), § 38.01 (Vernon 2003) (definitions specific to
obstructing governmental operation). 

 Case law indicates that evidence is sufficient to establish resisting arrest when a
defendant strikes an officer, Sample v. State, 626 S.W.2d 515, 517 (Tex. Crim. App. 1981),
or when a defendant has pushed, shoved, struggled, and fought an officer, Jones v. State,
620 S.W.2d 129, 130 (Tex. Crim. App. 1980). Further, "a person who uses force in order
to shake off an officer's detaining grip, whether by pushing or pulling, may be guilty of
resisting arrest." Torres v. State, 103 S.W.3d 623, 627 (Tex. App.-San Antonio 2003, no
pet.) (holding that evidence that defendant raised his arm and knocked away the arresting
officer's hand was sufficient use of force to support conviction for resisting arrest)); Bryant
v. State, 923 S.W.2d 199, 206-08 (Tex. App.-Waco 1996, pet ref'd) (stating that striking
an arresting officer's arm away constitutes force directed against the officer). 

 Deputy Castillo testified that after telling Medina that he was under arrest, Medina
pushed him. The following testimony was elicited by the State on direct examination of
Deputy Castillo:

 A: And I told him at that time he was under - placed under arrest
for criminal trespass, and I told him to put his hands behind his
back. He refused to do that, so I grabbed his right arm and tried
to put his arm behind his back. He pushed me off and-


 Q: When you say he "pushed you off," did he push you off with the
arm that you had held or with both arms?


 A: Yes, sir. With his right arm he pushed me off. 


 Deputy Castillo's testimony of being pushed, if believed by the jury, supports a
conviction for resisting arrest. See Jones, 620 S.W.2d at 130 (noting evidence that
appellant pushed, shoved, and struggled with peace officers was sufficient to sustain a
conviction of resisting arrest). 

 The evidence presented by Medina concerning what happened outside the club
came from Salazar and Perez, Medina's friends, and directly contradicted the State's
evidence. Salazar and Perez testified that when told to leave, Medina complied. They
testified that Deputy Castillo nevertheless used force to arrest Medina. Due to the
conflicting testimony between the State and Medina, the jury was left to determine the
credibility of the witnesses. The jury is the sole judge of the credibility of the witnesses and
the weight to be given to the evidence, and it may choose to believe all, some, or none of
it. Margraves, 34 S.W.3d at 919. Based on the evidence presented, a reasonable juror
could have concluded that Medina pushed Deputy Castillo and that this action was an
effort to resist arrest rather than resist force used by the deputy. 

 After reviewing all of the evidence in a neutral light, we cannot conclude that the
evidence is so weak that the fact-finder's determination is clearly wrong or manifestly
unjust. Watson, 204 S.W.3d at 414-15. Nor can we conclude that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. at 417. A rational juror
could have concluded beyond a reasonable doubt that Medina resisted arrest. We
therefore conclude the evidence is factually sufficient to support Medina's conviction. 
Medina's second issue is overruled.

III. Conclusion

 Having overruled both of Medina's issues on appeal, we affirm the trial court's
judgment.




 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 12th day of July, 2007.